In the Matter of the Estate of CHARLES MOHR, Deceased.

Surrogate's Court, Bronx County, January 25, 1941.

*Hannon & Evans* [*Thomas L. Halpin* of counsel], for the Chase National Bank of the City of New York, as executor, etc.

*John J. Bennett, Jr., Attorney-General* [*Robert P. Beyer* of counsel], for unknown beneficiaries of charitable trusts.

*Martin Gollubier*, special guardian for unknown distributees and interested persons whose addresses are unknown.

*John Bogart*, for Ferdinand Mohr, William Mohr and Marie Mohr Harkin, distributees.

*Karl Propper*, for Joseph Mohr and Minnie Mohr Laing, distributees.

*Sheffield & Betts* [*John M. Bovey* and *Roland A. Anderson* of counsel], for The Trudeau Sanatorium.

*Louis J. Schwartz,* for the Adirondack Sanatorium, Inc.

*Proskauer, Rose & Paskus* [*Jacob P. Aronson* of counsel], for the Northwoods Sanatorium, Inc.

*Robert J. Lantry,* for the Sisters of Mercy, Diocese of Ogdensburg, Gabriels, N. Y.

*Parker & Duryee* [*Davidson Sommers* of counsel], for the Reception Hospital, Inc.

HENDERSON, J. The executor seeks a construction of that portion of the decedent's will which reads as follows:

" *Fourteenth.* All the rest, residue and remainder of my estate, both real and personal, of which I shall die seized or possessed, of whatsoever nature, kind or description, and wheresoever the same may be situated, I give, devise and bequeath to the Saranac Lake Home for Consumptives."

The decedent died on September 4, 1938, leaving a will dated September 8, 1936, and a codicil thereto dated November 6, 1937, which were admitted to probate on April 6, 1939.

There never has been any organization specifically named " Saranac Lake Home for Consumptives." Several charitable corporations in the immediate vicinity allege special ability to carry out the charitable purpose of the testator. Only two of them assert respectively that it is the residuary beneficiary intended by the testator. The distributees contend that such beneficiary cannot be ascertained, that the gift of the residue is not charitable and that the testator died intestate as to his residuary estate.

The context of the will and the other evidence satisfy me that the testator intended to devote his residuary estate to the charitable purpose of aiding persons afflicted with tuberculosis. I would apply the *cy pres* doctrine under the statutory authority therefor (Pers. Prop. Law, § 12; Real Prop. Law, § 113), were it not for the fact that I am satisfied as to the identity of the intended beneficiary and as to its capacity to take the gift.

The attorney who prepared the decedent's last will testified that he had acted as attorney for the decedent for many years and that he had drafted earlier wills for him. The beneficiary in question was first mentioned in a will drawn in 1930 as the alternative legatee of $35,000, if the primary legatee thereof should predecease the maker of that will. During the preparation of that will the decedent, at the request of his attorney, gave the latter a written memorandum of the names of legatees and the amounts of their

respective legacies. The attorney retained this memorandum written by the decedent and it was received in evidence. Therein the decedent wrote *inter alia:* " John P. Dauth 35000.00  In case the said John P. Dauth shall not survive me the 35000 is to go to Saranac Lake home for consumptives." The attorney testified that he thought the correct name of this legatee would be the Saranac Lake Home for Consumptives, and it is so written in that will and again in the 1936 will which has been admitted to probate.

One of the two corporations claiming to be the beneficiary intended by the testator was incorporated as a membership corporation in 1929 under the name of The Broadway Saranac Relief Fund, Inc., as an outgrowth of an unincorporated association formed in a restaurant on Broadway in New York city for raising funds to send boy and girl patients up to Saranac Lake. Its charter refers to it as a club and recites one of its particular objects to be " c. To care for diseased individuals outside of institutions for their treatment and maintenance." Under certificate dated April 5, 1933, it changed its name to Adirondack Sanatorium, Inc. Under certificate dated July 1, 1940, it extended its powers to include the conduct and operation of a home, hospital or sanatorium for persons affected with pulmonary tuberculosis and kindred diseases. There is no evidence that the decedent ever knew or heard of this corporation or the unincorporated association out of which it grew.

The other claimant of the residuary gift was incorporated in 1889, under chapter 319 of the Laws of 1848 as a charitable corporation under the name of The Adirondack Cottage Sanatorium to establish a sanatorium or retreat for the reception, care and treatment of persons affected with pulmonary diseases and kindred maladies. By order of the Supreme Court, dated November 25, 1916, its name was changed to The Trudeau Sanatorium. By chapter 654 of the Laws of 1920, its corporate purposes were enlarged so as to permit it to maintain schools and laboratories and to conduct researches into the causes, nature and treatment of tuberculosis and other diseases. It was originally incorporated by the late Dr. Edward L. Trudeau as an outgrowth of an unincorporated semi-charitable institution established by him in 1884, in a " Little Red Cottage " still on the grounds of the corporation. His son, Dr. Francis B. Trudeau, became officially connected with the corporation in 1914 and now is its vice-president and chairman of the medical board. A Dr. Trudeau has always been associated with this institution since its foundation.

There is evidence of the testator's knowledge of this institution. It is slight, but creditable. A disinterested witness, Mrs. Anna Lowenstein, testified that she knew the decedent and his family intimately for many years. He and her husband, since deceased, were employed in the same place, and the families exchanged visits frequently. In 1902 the decedent, in a conversation with the witness and her husband regarding Trudeau, told them he had a friend there named Elsa. The witness told him if she went there she would visit his friend. She did go to Dr. Trudeau's sanatorium at Saranac Lake and saw her own friend, but did not have time to see the decedent's friend as the witness was called home when she arrived. The witness had a later conversation with the decedent about Dr. Trudeau's place in which the decedent used the name "Dr. Trudeau," and told her he was soliciting funds for Dr. Trudeau's institution and that Mr. Lowenstein had offered to solicit with him at their convenience. The witness was sure that the decedent had contributed to Trudeau.

I find that the testator did and intended to give his residuary estate to the corporation now known as The Trudeau Sanatorium.

At the date of the decedent's death, The Trudeau Sanatorium was in complete possession of all its corporate powers and able to take this residuary gift. Its title thereto vested at that date although the extent of the gift was not then ascertainable.

The corporate existence of The Trudeau Sanatorium expired on January 21, 1939, when the period specified therefor in its certificate of incorporation terminated. It did not stop functioning, however, but has continued to date to exercise all the powers theretofore permitted under its amended charter. Its corporate life has not been extended by certificate or otherwise. It is alleged that such expiration occurred inadvertently and that application would be made to the present Legislature for appropriate remedy.

Through legislative enactments and repeals during the intervening years, this corporation became a membership corporation and subject to the provisions of the Membership Corporations Law save in certain matters now immaterial, wherein the Education Law was made applicable by the legislation enlarging its corporate powers.

The only reference in the Membership Corporations Law to a corporation " dissolved * * * by the expiration of its corporate existence " is found in section 56 thereof, wherein jurisdiction over certain matters is given the Supreme Court upon the petition of a person specified therein. That provision relates to but does not conflict with section 29 of the General Corporation Law which provides in part that " upon the dissolution of a corporation for

any cause and whether voluntary or involuntary its corporate existence shall continue for the purpose of * * * collecting * * * its assets * * * and it may sue and be sued in its corporate name." The last cited provision is applicable to the matter before me. (Gen. Corp. Law, § 6.)

The Trudeau Sanatorium, therefore, is entitled to receive the residuary estate, and the will is so construed.

Settle decree accordingly.